Julian Ralph ROBINSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20708.

United States Court of Appeals
Fifth Circuit.

July 7, 1964.

Rehearing Denied Aug. 7, 1964.

Harold L. Murphy, Buchanan, Ga., Roderick M. MacLeod, Roderick Beddow, Jr., Birmingham, Ala., Fred Blanton and Beddow, Embry & Beddow, Birmingham, Ala., on the brief, for appellant.

Ben Hardeman, U. S. Atty., J. O. Sentell, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before MAGRUDER,[*] JONES and GEWIN, Circuit Judges.

MAGRUDER, Circuit Judge:

■ Defendant-appellant was charged by the United States with conspiracy to violate the internal revenue laws by the possession, transportation, and sale of nontax-paid liquor in violation of the general conspiracy statute, 18 U.S.C. § 371. Five defendants were named in the indictment, Messrs. Dryden, Godwin, Hutcheson, Robinson, and Rogers; and eighteen overt acts were alleged, some of which took place before appellant Robinson was involved in the case. Appellant makes the somewhat technical argument by way of defense that, whereas the indictment charged a single conspiracy, the proof offered by the government showed three separate conspiracies, and that therefore there was a fatal variance. This would be so only if the variance were said to have affected the "substantial rights" of the defendant Robinson. Rule 52(a), F.R.Cr.P.

It seems that one Kennington decided to resume the liquor business. He applied naturally enough to Dryden, who had supplied him before. Co-defendant Hutcheson had been Kennington's main supplier until late in 1961, when he went to jail on a previous conviction. Appellant Robinson's first delivery to Kennington is said to have been on or about December 15, 1961. We shall assume in

* Senior Circuit Judge of the First Circuit, sitting by designation.

Robinson's favor that the indictment charged only one conspiracy, and that there was a variance in the proof of the allegation contained in the indictment. We must still inquire whether this alleged variance did indeed result in depriving the appellant of his "substantial rights."

In Padgett v. United States, 283 F.2d 244, 245 (C.A.5th, 1960) we repeated our ruling in Jolley v. United States, 5 Cir., 232 F.2d 83, 88 (1956), as follows: "If more than one conspiracy was proved, of at least one of which the appellant was guilty, it is clear that there was no variance affecting his substantial rights." We say the same here.

This action is more like Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), than it resembles Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

We do not see how anybody could say that Robinson was not guilty of the offense of conspiracy, treating the conspiracy as that begun by Kennington and including all persons who saw to it that nontax-paid whiskey reach him. Dryden was the "connecting link" necessary in the case. See Sigers v. United States, 321 F.2d 843 (C.A.5th, 1963). See also Rocha v. United States, 288 F.2d 545 (C.A.9th, 1961); United States v. Bletterman, 279 F.2d 320 (C.A.2d, 1960); Brooks v. United States, 164 F.2d 142 (C.A.5th, 1947).

Before the jury was given the case to decide, the accused Hutcheson withdrew a plea of not guilty and pleaded guilty to the offenses charged. Because of his change of plea, the court naturally convicted him and sentenced him to a penitentiary term, to run concurrently with the sentence which he was then serving. The jury found Godwin, Rogers and Robinson guilty, but found Sam Alta Dryden not guilty. This in itself makes no difference. United States v. Fox, 130 F.2d 56 (C.A.3d, 1942); cert. denied 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535 (1942); United States v. Austin-Bagley Corp., 31 F.2d 229 (C.A.2d, 1929); cert. denied 279 U.S. 863, 49 S.Ct. 479, 73 L. Ed. 1002 (1929).

A judgment will be entered affirming the judgment of the District Court.