**UNITED STATES of America,
Appellee,**

v.

**Robert MALOFSKY, Appellant.**

**No. 239, Docket 31388.**

United States Court of Appeals
Second Circuit.

Argued Dec. 14, 1967.

Decided Jan. 17, 1968.

Certiorari Denied April 8, 1968.
See 88 S.Ct. 1273.

Phylis Skloot Bamberger, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Pierre N. Leval, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., Southern District of New York, on the brief), for appellee.

Before KAUFMAN, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

Appellant Robert Malofsky was tried before Judge Weinfeld and a jury on count one of an indictment charging him with the sale of 15.900 grams of heroin hydrochloride in violation of 21 U.S.C. §§ 173 and 174. On April 21, 1967 he was found guilty as charged and sentenced to five years imprisonment.

No question is raised by the appellant concerning the sufficiency of the evidence presented at trial in support of his conviction. The sole issue on this appeal is whether the trial judge committed error when he denied the appellant's motion to dismiss the indictment on the ground that only hearsay testimony was presented to the Grand Jury.

The Bureau of Narcotics Agent who purchased the heroin from the appellant and who had firsthand knowledge of the transaction did not testify before the Grand Jury, but an agent who had maintained surveillance both of the undercover agent who actually made the purchase, and the appellant at the time of the sale on June 30, 1965, testified as to his personal observations and to what the undercover agent told him about the sale. The presentation of such testimony before the Grand Jury is permissible and the indictment based thereon is valid, and does not, as the appellant claims, violate any of his Fifth Amendment rights. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). See United States v. Andrews, 381 F.2d 377, 378 (2 Cir. 1967); United States v. Heap, 345 F.2d 170, 171–172 (2 Cir. 1965). See also, United States v. Bitter, 374 F.2d 744, 748 (7 Cir. 1967); Smith v. United States, 236 F.2d 260, 268–269 (8 Cir. 1956).

While this court warned against the "excessive use of hearsay in the presentation of government cases to grand juries" unless "it is demonstrably inconvenient to summon witnesses able to testify to facts from personal knowledge," United States v. Umans, 368 F.2d 725, 730 (2 Cir. 1966), cert. granted, 386 U.S. 940, 87 S.Ct. 975, 17 L.Ed.2d 872, cert. dismissed as improvidently granted, 389 U.S. 80, 88 S.Ct. 253, 19 L.Ed.2d 255 (Nov. 6, 1967), the indictment in the present case was based on the testimony of a surveillant agent who clearly indicated what he testified to from his own knowledge and observation and what he learned from the participating agent. There is no affirmative duty to tell the grand jury *in haec verba* that it is listening to hearsay. United States v. Payton, 363 F.2d 996 (2 Cir.), cert. denied 385 U.S. 993, 87 S.Ct. 606, 17 L.Ed.2d 453 (1966).

The judgment of conviction is affirmed.