**Robert MALOFSKY, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 68 Civ. 3469.**

United States District Court
S. D. New York.

Dec. 31, 1968.

Robert Malofsky, pro se.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, New York City, for the United States; Leonard M. Marks, Asst. U. S. Atty., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner, now confined at the federal penitentiary at Lewisburg, Pennsylvania, seeks his release upon a writ of habeas corpus pursuant to 28 U.S.C., section 2255. He was charged in one count of a three-count indictment with a narcotics violation. After trial to a jury before this Court on March 15 and 16, 1967, petitioner was found guilty and sentenced to the minimum mandatory term of five years. The Court of Appeals affirmed the conviction,[1] and the Supreme Court denied certiorari.[2] The sole issue presented upon appeal was the refusal of the trial court to dismiss the indictment on the ground that only hearsay testimony had been presented to the grand jury.

■ Petitioner, by this proceeding, seeks to vacate the judgment of conviction upon claims which could have been,

---

1. United States v. Malofsky, 388 F.2d 288 (2d Cir. 1968).

2. 390 U.S. 1017, 88 S.Ct. 1273, 20 L.Ed.2d 168 (1968).

but were not, presented upon appeal or at trial. His failure to do so alone warrants denial of his application.[3] Moreover, the record indicates that the asserted claims are without merit.

■ First, petitioner contends that counsel for Gloria Quiara, who was named in the first count with petitioner and in the second and third with one Modesto Nater, prejudiced petitioner by creating, during his summation, the false impression that petitioner had been convicted on a federal narcotics charge with Gloria Colon, Quiara's daughter.[4] Counsel remarked that Colon was in "the federal penitentiary, serving time for selling narcotic drugs in league with a Malofsky, a Modesto * * *." It is clear that this was an inadvertent reference to petitioner, which counsel forthwith corrected to Modesto Nater, the codefendant. Apart from the correction, counsel also added there was no evidence in the record as to prior acts of petitioner. The jury could not have inferred that he had been tried with Colon, let alone convicted with her. That the inadvertent slip was of no significance is attested to by the fact that no notice was taken of it by counsel nor any objection offered.[5] Finally, the Court charged the jury that statements by counsel were not evidence.

■ The second claim, that the Court improperly charged the jury with respect to petitioner's interest in the outcome of the case after pointing to the conflict in testimony between petitioner and Scott, the government agent, is untenable. The jury was instructed that simply because of petitioner's interest, it did not follow that he was incapable of telling a truthful story; and further it was instructed that it should evaluate the testimony of government witnesses as it would that of any other witness, "taking into account interest, motive or any factor which may have influenced them to color or fabricate testimony." The propriety of the charge is well-established.[6]

■ The third claim, that the representation accorded by petitioner's court-appointed counsel was so perfunctory as to be totally ineffective, is without substance; neither the conclusory allegations based upon "indications" in the "entire record," nor the two charges referred to above support this branch of the petition.[7] Petitioner was competently represented by experienced counsel. A sharp issue of credibility existed between government witnesses and petitioner. That the jury determined petitioner was guilty in no way detracts from the competence of counsel's representation of the defendant. The record discloses adequate and competent representation.

The petition is dismissed.

3. Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Castellana v. United States, 378 F.2d 231, 233 (2d Cir. 1967); United States v. Angelet, 265 F.2d 155, 157 (2d Cir. 1959); United States v. Rosenberg, 200 F.2d 666, 668 (2d Cir. 1952), cert. denied, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384 (1953).

4. In his summation, counsel for Quiara advanced the argument that Quiara had been ignorant of the narcotics activities conducted in her apartment by her daughter, petitioner and Nater. Petitioner's prior criminal record (a state marijuana conviction), his relationship with Colon and the latter's unusual living arrangements with petitioner and Nater had all been developed during petitioner's direct and cross-examination.

5. Cf. United States v. Kahaner, 317 F.2d 459, 478 (2d Cir.), cert. denied sub nom. Corallo v. United States, 375 U.S. 835, 84 S.Ct. 62, 11 L.Ed.2d 65 (1963).

6. Reagan v. United States, 157 U.S. 301, 310, 15 S.Ct. 610, 39 L.Ed. 709 (1895); United States v. Mahler, 363 F.2d 673, 678 (2d Cir. 1966); United States v. Sullivan, 329 F.2d 755, 757 (2d Cir.), cert. denied, 377 U.S. 1005, 84 S.Ct. 1943, 12 L.Ed.2d 1054 (1964).

7. Cf. Castellana v. United States, 378 F. 2d 231, 234 (2d Cir. 1967); United States v. Molino, 240 F.Supp. 332 (S.D.N.Y. 1965).