**Earnie Lee HENDERSON, Petitioner-Appellant,**

v.

**Olin G. BLACKWELL, Warden, U. S. Penitentiary, Respondent-Appellee.**

No. 30072.

United States Court of Appeals, Fifth Circuit.

Jan. 5, 1971.

PER CURIAM:

This is an appeal from the district court's denial of the appellant's motion to vacate judgments and sentences, 28 U.S.C. § 2255. We affirm.[1]

The appellant challenges his convictions for ten separate violations of the Internal Revenue liquor laws on two grounds: (1) that the statutes under which he was convicted are violative of

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5th Cir., 1970, 430 F.2d 966.

1. It is appropriate to dispose of this pro se case summarily, pursuant to this

Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

his Fifth Amendment privilege against self-incrimination; and (2) that his sentence is in excess of the statutory maximum.

The first contention raised by the appellant is without merit. We have consistently rejected the argument that the registration and taxation statutes governing distilleries and distilled spirits amount to unconstitutional self-incrimination since the alcohol tax laws are essentially non-criminal revenue measures. United States v. Johnson, 5th Cir. 1969, 417 F.2d 332; Thornburg v. United States, 5th Cir. 1969, 406 F.2d 1060; Brown v. United States, 5th Cir. 1968, 401 F.2d 769, certiorari denied 1969, 394 U.S. 962, 89 S.Ct. 1314, 22 L.Ed. 2d 564.

Appellant's allegation that he was sentenced to a term beyond the legal maximum is equally untenable. An independent examination of the appellant's criminal record, which includes his judgment and commitment papers, disclose beyond a doubt that none of the sentences imposed upon the appellant exceeded the statutory maximum.

Affirmed.