UNITED STATES of America,
Plaintiff-Appellee,

v.

Judith Tomlinson BULLOCK and Roy
Rodriguez, Jr., Defendants-
Appellants.

No. 71–1067
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1971.

J. Thomas Cardwell, Orlando, Fla. (Court Appointed), for Bullock.

James M. Russ, Orlando, Fla. (Court Appointed), for Rodriguez, Jr.

John L. Briggs, U. S. Atty., Kendell W. Wherry, Asst. U. S. Atty., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

BY THE COURT:

The defendant Roy Rodriguez, Jr. and others were tried and convicted on the basis of an indictment filed on June 11, 1970. Rodriguez filed a spate of pretrial motions. One of his motions sought dismissal of this indictment. In this motion, defendant contended that the June 11, 1970 three-count indictment, which was substituted for a six-count indictment filed in an earlier proceeding, was drafted by the United States Attorney, was seen and signed only by the foreman of the grand jury, and that 12 or more grand jurors did not concur in the finding and return of the substitute indictment as required by

* [1] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Fed.R.Crim.P. 6(f). In a collateral motion, defendant moved the court for an order requiring production for his inspection of a transcript of the testimony and proceedings before the grand jury which returned the present indictment, alleging that such production was essential for the development of the issue raised by his motion to dismiss. The district court denied both motions, stating as to the latter that the testimony of the grand jury was not recorded or transcribed and denying the former motion without reason.

Fed.R.Crim.P. 6(c) requires the foreman of a grand jury, or some other juror designated by him, to keep a record of the number of jurors concurring in the finding of every indictment and to file such record with the clerk of the court. That same rule provides that such record shall not be made public except upon order of the court. Under the rationale of Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), Part III, the defendant should have been accorded the right to inspect the required record or, if such record was not properly maintained, as required by the rule, to have access to some method of substituted proof to ascertain that the substantive provisions of Fed.R.Crim.P. 6(f) were met. Though the rule in this Circuit is settled that a written transcript of grand jury proceedings is not constitutionally required, United States v. Harper, 432 F. 2d 100 (5th Cir. 1970), this rule does not intend to foreclose inquiry into those proceedings, nor insulate them from attack under Rule 6.

Under the provisions of 28 U.S.C.A. § 2106, this Court determines that justice under the circumstances here requires that the district court supplement the record before this Court with a copy of the record maintained pursuant to Fed. R.Crim.P. 6(c) or, if such record is not available, that the district court conduct a supplementary adversary hearing to determine whether the requirements of Fed.R.Crim.P. 6(f) were in fact met with regard to the return of the subject indictment.[1] In the event such an adversary hearing is conducted, a transcript thereof together with the findings and conclusions of the district judge thereon, shall be certified to this Court to supplement the record in the pending appeal. Jurisdiction of this appeal is retained by this Court for all other purposes.

Remanded with directions.

---

1. *Cf.* Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964).