UNITED STATES of America,
Plaintiff-Appellee,

v.

Spencer O. WALKER and Ruben Ivery,
Defendants-Appellants.

No. 71–2165
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1972.

Rehearing Denied Feb. 29, 1972.

---

* ▮ Rule 18, 5th Cir.; see Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of
N. Y., 431 F.2d 409, Part I (5th Cir.
1970).

**1206**

Bob Reinhardt, Tifton, Ga., Floyd M. Buford, Macon, Ga., Byrd, Groover & Buford, Macon, Ga., W. Emory Walters, Ocilla, Ga., for defendants-appellants.

William J. Schloth, U. S. Atty., Ronald T. Knight, Macon, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The defendants appeal from a jury conviction based on a one count indictment charging a single conspiracy[1] to possess unregistered stills, to conceal a quantity of distilled spirits upon which the tax had not been paid, and to conduct a distillery business without having posted the requisite bond.[2] Urging reversal, the defendants press several points of error. We affirm.

■ First, the defendants complain of a fatal variance between the language of the indictment and the proof, i. e. they were charged with a single general conspiracy, whereas a trio of separate conspiracies were proven. Several other persons were named as co-conspirators but were not indicted. Defendants claim that the evidence showed, if anything, separate conspiracies each of which was engaged in by some but not all of the named members. However, whether a single conspiracy with different unlawful ends or multiple conspiracies were proved is immaterial in the context of this case since a review of the record convinces us that sufficient evidence was adduced to prove each defendant's connection with all three of the allegations of unlawful conduct. Kotteakos v. United States, 328 U.S. 750, 66 S. Ct. 1239, 90 L.Ed. 1557 (1946), requires that a variance affect substantial rights. The purposes of the "variance" rule are to apprise the defendants of the charges against them so that they may adequately prepare their defense, and to protect the defendants from another prosecution for the same offense. United States v. Bullock, 448 F.2d 728 (5th Cir. 1971); United States v. White, 451 F.2d 696 (5th Cir. 1971) [No. 71–143, October 19, 1971]. Even if we assume that a variance existed in this case, it could not affect the substantial rights of these defendants. Monroe v. United States, 98 U.S.App.D.C. 228, 234 F.2d 49 (D.C.Cir. 1956). In addition, no danger that there could be a transference of guilt as expressed in *Kotteakos,* is present here.

■ The defendants also assert that the evidence was insufficient to prove their guilt. The entire case for the government was built upon the testimony of several named, but not indicted, co-conspirators. This Circuit has held time and again that the testimony of co-conspirators may form a sufficient support to sustain a conviction. *See e. g.,* United States v. Clifton, 447 F.2d 970 (5th Cir. 1971). In the case *sub judice,* the declarations of the co-conspirators, if

1. 18 U.S.C.A. § 371 (1966).

2. The allegations of unlawful conduct as set out in the indictment are as follows:
   (a) To unlawfully, wilfully, and knowingly have in possession and custody and under control certain stills and distilling apparatuses used and intended to be used for the distillation of distilled spirits set up without having same registered as required by law, in violation of Section 5601(a) (1), Title 26 U.S.C.
   (b) To unlawfully, wilfully, and knowingly remove, deposit, and conceal a certain commodity for and in respect whereof a tax was imposed by the laws of the United States of America and which tax had not been paid, to wit: certain quantities of distilled spirits, the exact quantities being to the Grand Jurors unknown, with the intention to evade collection by the United States of America, of the tax imposed on such spirits, in violation of Section 7206 (4), Title 26, U.S.C.
   (c) To unlawfully, wilfully, and knowingly engage in and carry on the business of distillers of spirituous liquors without having given bond as required by law, in violation of Section 5601(a) (4), Title 26 U.S.C.

credited by the jury—as they must have been—form a firm enough foundation to uphold the verdict.

After his arrest defendant Walker was instructed by government agents to fill out three personal history forms. They did not inform him that they intended to use his handwriting on these forms to compare with the handwriting on documents previously seized. Walker characterizes this as trickery and asserts that it amounted to a deprivation of his Fifth Amendment right to be free from self-incrimination and his Sixth Amendment right to counsel. It is settled law in this Circuit that compelling an accused to give a handwriting exemplar does not violate the above rights. *See* United States v. McGann, 431 F.2d 1104 (5th Cir. 1970); Schoenbrun v. United States, 403 F.2d 56 (5th Cir. 1968). If such samples can be compelled, then we can perceive no prejudice of reversible dimensions in the fact that writings admittedly made by the defendant, but simply not specified as taken for graphological purposes, were later analyzed. Fed.R.Crim.P. 52(a). *Cf.* Graves v. Beto, 424 F.2d 524 (5th Cir. 1970).

The defendants also assert that if they had complied with the federal liquor laws they would have subjected themselves to prosecution under state law. They cite Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L. Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 85, 88 S.Ct. 722 (1968) to support their self-incrimination argument. This Circuit has repeatedly rejected this contention. *See* Henderson v. Blackwell, 436 F.2d 1081 (5th Cir. 1971) and cases cited therein.

The point of error concerning the prosecutor's remarks is without merit. The judgment of the district court is

Affirmed.