**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Nelson CRUZ et al., Defendants-
Appellants.**

**No. 72–1301.**

United States Court of Appeals,
Fifth Circuit.

May 4, 1973.

Rehearing and Rehearing En Banc
Denied June 21, 1973.

Denis Dean, Miami, Fla. (Court-Appointed), Daniel S. Pearson, Miami, Fla., for Julio Fuentes.

Melvyn Kessler, Miami, Fla., for Luis Lara.

Donald I. Bierman, Miami, Fla., for Felix Aleman and Pedro Manuel Noriega.

Robert W. Rust, U. S. Atty., Jerome B. Ullman, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and CLARK, Circuit Judges.

CLARK, Circuit Judge:

This case involves a large-scale car theft ring which conducted operations in New Jersey and Florida. Challenges are raised to (1) indictment solely on the basis of hearsay, (2) destruction of investigators' notes assertedly designed to thwart the Jencks Act, (3) alleged prejudice resulting from variance between the indictment and proof, misjoinder, and failure to sever, and (4) arrangements between the prosecution and government witnesses. Concluding that the appellants received a fair trial free of prejudice and reversible error, we affirm all convictions challenged on this appeal.

Originally there were forty defendants variously charged in thirty-nine substantive counts of interstate car theft[1] and one overall conspiracy count.[2] Sixteen of these defendants pled guilty, charges against seven others were dismissed, two were acquitted in separate trials, and one remains a fugitive from justice. Fourteen others were tried before the United States District Court sitting without a jury. Eight of the fourteen who went to trial were acquit-ted. The instant appeal is by five of those found guilty. Three appellants, Cruz, Noriega, and Aleman, were found guilty of conspiracy and on one or more substantive counts; appellant Lara was found guilty of conspiracy but acquitted on four substantive counts; appellant Fuentes was acquitted of conspiracy but found guilty on two substantive counts.

### Grand Jury Hearsay

The appellants contend that their grand jury indictment was invalid because it was based on the hearsay testimony of one investigating FBI officer rather than on direct testimony of informant-witnesses whom the government could have summoned to testify. In Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), the Court considered and rejected the contention that an indictment based exclusively on hearsay evidence is constitutionally invalid. This reasoning has been followed on many occasions by this court. See, e. g., United States v. Bird, 456 F.2d 1023 (5th Cir. 1972); United States v. Klaes, 453 F.2d 1375 (5th Cir. 1972); United States v. Howard, 433 F.2d 1 (5th Cir. 1970), cert. denied, 401 U.S. 918, 91 S.Ct. 900, 27 L.Ed.2d 819 (1971).

Recognizing the piercing precedent of Costello, the appellants would avoid its thrust by distinguishing the facts of this case. First, they refer us to opinions of the Second Circuit which they contend establish the rule that an indictment based on hearsay is invalid where (1) non-hearsay evidence is readily available; (2) the grand jury is misled into believing it was hearing direct testimony rather than hearsay; and (3) there is a high probability that had the grand jury heard the eye witnesses it would not have indicted. See United States v. Umans, 368 F.2d 725 (2d Cir. 1966) (dicta), cert. granted,

---

1. Separate violations of 18 U.S.C. § 2312 and 18 U.S.C. § 2313 were charged in regard to 19 vehicles, and a violation of 18 U.S.C. § 2313 in regard to a twentieth.

2. 18 U.S.C. § 371.

386 U.S. 940, 87 S.Ct. 975, 17 L.Ed.2d 872, cert. dismissed as improvidently granted, 389 U.S. 80, 88 S.Ct. 253, 19 L. Ed.2d 255 (1967); United States v. Malofsky, 388 F.2d 288 (2d Cir.) (dicta), cert. denied, 390 U.S. 1017, 88 S.Ct. 1273, 20 L.Ed.2d 168 (1968), United States v. Leibowitz, 420 F.2d 39, 41–42 (2d Cir. 1969),[3] However, this "best evidence" rule has never been considered, even by that circuit, as a constitutional requirement. United States v. Callahan, 439 F.2d 852, 859–860 (2d Cir.) cert. denied 404 U.S. 826, 92 S.Ct. 56, 30 L.Ed.2d 54 (1971). Rather, it serves simply as a supervisory guideline to be employed by courts within their sound discretion to protect potentially innocent citizens from possible prosecutorial manipulation of grand jury proceedings. United States v. Estepa, 471 F.2d 1132, 1136–1137 (2d Cir. 1972). *See also* United States v. Gramolini, 301 F.2d 39 (D.R.I.1969); United States v. Arcuri, 282 F.Supp. 347 (S.D.N.Y.) aff'd 405 F.2d 691 (2d Cir. 1968) cert. denied 395 U.S. 913, 89 S.Ct. 1760, 23 L.Ed.2d 227 (1969). While the presentation of hearsay testimony of an investigating officer in lieu of readily available testimony by direct witnesses is by no means a preferred procedure, it is neither unconstitutional nor inherently wrong. In the absence of some showing that the integrity of grand jury proceedings has been impaired, an indictment even if based exclusively on such testimony will not be overturned on appeal.[4]

Second, the appellants argue that the 1970 amendment to the Jencks Act, contained in the Organized Crime Control Act, P.L. 91–452, § 102, codified as 18 U.S.C. § 3500(e)(3), which expressly placed grand jury testimony within the definition of statements subject to discovery for the purposes of impeachment, undermines the continuing validity of *Costello*. They contend that since criminal defendants now have the right to obtain grand jury minutes containing testimony of government witnesses who later appear at trial, refusal of the government to call before the grand jury available witnesses who can testify directly to the facts of the alleged offense and whom the government plans to call at trial unfairly denies the defense potential Jencks Act material.

The appellants suggest that, in order to effectuate the Congressional policy reflected in the 1970 amendment, the courts should overturn indictments obtained through hearsay testimony. This suggestion misreads the legislative purpose for these amendments which is to undergird the truth finding process of criminal trials by making any *existing* prior statements made by a witness used by the government equally available to the defense and prosecution. However, no part of the Jencks Act has ever been construed to require the government to *develop* potential Jencks Act statements so that such materials can be combed in the hopes of obtaining impeaching inconsistencies.[5] Indeed, we

3. *See also* United States v. Beltram, 388 F.2d 449, 451 (2d Cir.) (Medina, J., dissenting), cert. denied, 390 U.S. 1017, 88 S.Ct. 1273, 20 L.Ed.2d 168, and 391 U.S. 955, 88 S.Ct. 1860, 20 L.Ed.2d 869 (1968); United States v. Payton, 363 F. 2d 996, 999 (2d Cir.) (Friendly, J., dissenting), cert. denied, 385 U.S. 993, 87 S.Ct. 606, 17 L.Ed.2d 453 (1966).

4. The present case would not qualify even under the Second Circuit's "best evidence" rule. While it is undisputed that the government could have produced before the grand jury the same informant-witnesses who appeared at trial, it is clear that the grand jury was fully aware that

the FBI agent who testified was relating, not personal experiences, but evidence which he had received second-hand from informants, and there is little doubt that if the informant-witnesses had appeared in person, the grand jury would have indicted these appellants.

5. *Cf.* United States v. Payton, 363 F.2d 996, 999 (2d Cir.), cert. denied, 385 U.S. 993, 87 S.Ct. 606, 17 L.Ed.2d 453 (1966), which rejected an identical contention in respect to the limited right of discovery of grand jury minutes established in Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).

have held "[t]he right [of] discovery of statements is not a guarantee that the statement is complete in all respects." Castillo v. United States, 409 F.2d 762, 765 (5th Cir. 1969). In an analogous area, we have also unequivocally refused to require the holding of preliminary examination under Fed.R.Crim.P. 5(c) in the face of assertions by defendants that it would benefit the development of their defense to have this pretrial insight to the government's proof and that the government had deliberately aborted such an examination by continuance until an indictment was obtained.[6] United States v. Coley, 5 Cir., 441 F.2d 1299, cert. denied, 404 U.S. 867, 92 S.Ct. 85, 30 L.Ed.2d 111 (1971). We conclude that Costello is unaffected by the recent amendment to the Jencks Act.[7]

■ Taking a different approach, the appellants argue that their indictments were invalid because the grand jury did not have before it any probative evidence, either hearsay or direct, upon which to base the indictments. However, the majority opinion in Costello also squarely rejected the contention that appellate courts may review the sufficiency of evidence supporting an indictment. 350 U.S. at 363, 76 S.Ct. at 408–409. The appellants' reliance on the concurring opinion of Mr. Justice Burton in Costello and on dicta in the pre-Costello opinion of this court, Friscia v. United States, 5 Cir., 63 F.2d 977, 980, cert. denied, 289 U.S. 762, 53 S.Ct. 797, 77 L.Ed. 1505 (1933), is misplaced.[8] We will not review the sufficiency of the evidence, if any, supporting the grand jury indictments in this case.

See Cohen v. United States, 436 F.2d 586 (5th Cir.), cert. denied, 403 U.S. 908, 91 S.Ct. 2215, 29 L.Ed.2d 684 (1971); United States v. Gower, 447 F.2d 187 (5th Cir.), cert. denied, 404 U.S. 850, 92 S.Ct. 84, 30 L.Ed.2d 88 (1971).

*Witness Interviews and the Jencks Act*

The appellants further contend that their rights under the Jencks Act were violated by the failure of the government to produce copies of statements made by government witnesses. As part of pre-trial investigation, FBI agents interviewed a number of persons involved in the car theft ring. During these interviews the agent took notes which were routinely destroyed after the agent had recorded his summary of the interview on a standard Form 302 report.[9] The appellants assert that the now destroyed notes contained substantially verbatim recitals of oral statements by prosecution witnesses and therefore that the government violated the Jencks Act by failing to preserve and produce such notes at trial.

This claim is based on statements made by the government's witnesses during cross-examination that they observed investigating officers make extensive verbatim notes during the pretrial interviews. Since the inspection of the original notes was impossible, the court and defense counsel conducted *voir dire* examination of the investigating agents and the witnesses who had been interviewed to determine whether the notes were such "statements" as would have been required to be produced under the Jencks Act.[10] In contradiction to

---

6. See 18 U.S.C. § 3060(e).

7. There is no suggestion that the failure to call informant-witnesses before the grand jury amounted to an intentional suppression of favorable evidence. *Compare* Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957).

8. To the extent that language in *Friscia* and other decisions of this court, *e.g.*, Grace v. United States, 4 F.2d 658, 660 (5th Cir.), cert. denied, 268 U.S. 702, 45 S.Ct. 637, 69 L.Ed. 1165 (1925); Shushan

v. United States, 117 F.2d 110, 113 (5th Cir.), cert. denied, 313 U.S. 574, 61 S.Ct. 1085–1086, 85 L.Ed. 1531–1532 (1941), is inconsistent with the majority opinion in *Costello*, it, of course, stands overruled.

9. The government voluntarily gave defense counsel 124 pages of Form 302 reports relating to testimony adduced against the fourteen defendants then on trial.

10. This fact-finding procedure was approved by this court in United States v. Blackburn, 446 F.2d 1089, 1090 (5th Cir. 1971),

testimony of the witnesses, the investigating officers testified that they did not take verbatim notes and, at the most, jotted down occasional key words and phrases used by the informants. The court thereupon found that "the notes that were made were not substantially verbatim recitals," and therefore were not "statements" within the meaning of 18 U.S.C. § 3500(e)(2).

■ The fact that investigators' notes contained occasional verbatim recitation of phrases used by the person interviewed did not make such notes Jencks Act material. United States v. Augenblick, 393 U.S. 348, 354–355, 89 S.Ct. 528, 533, 21 L.Ed.2d 537 (1969); Palermo v. United States, 360 U.S. 343, 351–353, 79 S.Ct. 1217, 1224–1225, 3 L. Ed.2d 1287 (1959); United States v. Graves, 428 F.2d 196 (5th Cir.), cert. denied, 400 U.S. 960, 91 S.Ct. 360, 27 L. Ed.2d 269 (1970). Whether the investigators' notes in the present case contained more extensive recitations was a matter of fact to be decided by the court on the basis of conflicting testimony. Findings of fact in regard to the Jencks character of investigators' notes like other trial court findings of fact may not be disturbed unless they are clearly erroneous. See, e. g., Campbell v. United States, 373 U.S. 487, 493, 83 S.Ct. 1356, 1360, 10 L.Ed.2d 501 (1963); United States v. Bell, 457 F.2d 1231 (5th Cir. 1972). No error, let alone clear error, appears here.

### Procedural Prejudice

■ a. *Variance—Single vs. Multiple Conspiracies.* Count I of the indictment charged that the numerous defendants were members of a single auto theft conspiracy. In a comment made at the time of passing judgment, the trial court stated that the proof showed that two conspiracies existed within the offense charged. The court stated that it found appellants Cruz, Noriega, and Ale-

man to be members of one conspiracy operating primarily in the Miami area and appellants Cruz and Lara to be members of a similar and interrelated conspiracy centered in New Jersey. The appellants argue that these statements demonstrate a variance between the indictment and proof which requires reversal. In Berger v. United States, the Supreme Court rejected the contention that proof of multiple conspiracies automatically constitutes a fatal variance from a single offense as charged in the indictment:

> The true inquiry . . . is not whether there has been a variance in proof, but whether there has been such a variance as to "affect the substantial rights" of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L. Ed. 1314 (1935). An additional function of the variance rule is to avoid the danger of a "transference of guilt from one to another across the line separating conspiracies." Kotteakos v. United States, 328 U.S. 750, 774, 66 S.Ct. 1239, 1252, 90 L.Ed. 1557 (1946).

■ Even in a jury trial, however, "prejudice is not assumed" simply from the fact that the proof shows multiple conspiracies, rather than a single conspiracy. Grissette v. United States, 313 F.2d 187, 188 (5th Cir. 1963). In the present case, which was tried before the court without a jury, not only is there absolutely no evidence that the defendants were taken by surprise or that their substantial rights were otherwise

cert. denied, 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972); Matthews v. United States, 407 F.2d 1371, 1376 (5th

Cir. 1969), cert. denied, 398 U.S. 968, 90 S.Ct. 2177–2178, 26 L.Ed.2d 554 (1970).

prejudiced by proof which showed two separate but closely related conspiracies, but also the record makes it crystal clear from the opening remarks to the final judgments the trial court weighed and considered the evidence against each defendant on its merits without regard to any evidence against any other co-defendant. There is nothing in this case remotely similar to *Kotteakos* where confusion and error concerning the proof of plural conspiracies permeated the entirety of a jury trial for a single conspiracy. This case is controlled by the principles announced in *Berger*. See, *e. g.*, Robinson v. United States, 333 F.2d 950 (5th Cir.), cert. denied, 379 U. S. 921, 85 S.Ct. 277, 13 L.Ed.2d 335 (1964); Jolley v. United States, 232 F. 2d 83 (5th Cir. 1956).

▇▇▇▇▇ b. *Joinder and Severance.* In a closely related argument the appellants contend that the finding of two conspiracies and the separate character of some of the substantive counts made their initial joinder in the same indictment improper. This contention is also without merit. Defendants may be joined in a single indictment and trial together if "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed.R.Crim.P. 8(b). Once these conditions are satisfied, as they certainly were in the present indictment, it is "within the sound discretion of the trial judge as to whether the defendants should be tried together or separately."[11] Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 165, 99 S.Ct. 101 (1954); United States v. Lane, 465 F.2d 408, 413 (5th Cir. 1972); Tillman v. United States, 406 F.2d 930 (5th Cir.), vacated in part, 395 U.S. 830, 89 S.Ct.

2143, 23 L.Ed.2d 742 (1969). The threshold for finding such discretion to have been abused by proceeding with a joint trial is especially high when the trial is to be to the court rather than a jury. The picture reflected by this record is one of a patient, perceptive, careful trier of fact who was fully aware of and zealously protected the individual rights of each and all of the parties.

▇▇▇▇▇▇ Appellant Fuentes asserts that he should have been granted a severance after his partial directed verdict of acquittal at the conclusion of the government's case. Under Fed.R.Crim.P. 14 the court has a continuing duty during all stages of the trial to grant a severance if it becomes clear that continued joinder will result in prejudice to the defendant. Schaffer v. United States, 362 U.S. 511, 516, 80 S.Ct. 945, 948, 4 L.Ed. 2d 921 (1960). The fact that Fuentes, who was charged on only two substantive counts involving a single vehicle, was kept in the case along with eleven other defendants accused of large-scale conspiracy continuing over a three-year period, does not automatically constitute grounds for reversal. As with the defendants acquitted of conspiracy in *Schaffer*, Fuentes has failed to demonstrate any prejudice which resulted from the denial of his motion for severance.[12]

### Overall Fair Trial

▇▇▇▇ Finally, appellants contend that the proceedings against them taken as a whole were unfair and constituted overreaching by federal prosecutorial authorities. The only individual point raised which has not been discussed above is the allegation that testimony of key government witnesses was procured by the payment of money, offers of im-

---

11. Appellant Cruz, of course, was found guilty as a member of both conspiracies and would not have been entitled to a severance in any event. *Cf.* United States v. Walker, 453 F.2d 1205 (5th Cir. 1972).

12. The evidence against Fuentes was presented in a relatively short period and was easily isolatable. There is simply no merit to the suggestion that the court as the trier of fact was unable to segregate this evidence from that presented against the other defendants. Indeed, the acquittal of Fuentes' business partner, Mario Ferrer, demonstrates that the court was well able to keep the evidence against the various defendants in perspective.

munity, and in one case an agreement not to revoke parole.

 In cases involving well-organized criminal conspiracies the use of informant testimony by a co-conspirator is oft-times a necessity. There is, of course, a recognized danger that a witness whose continued liberty depends upon cooperation with authorities may be overly responsive. However, where there is no suggestion of entrapment,[13] the relationship between the witness and the prosecution goes only to the weight and credibility to be attributed to that witness' testimony and not to its admissibility. In the present case, the government fully revealed its arrangements with the informants in a *Brady* statement.[14] Thus informed of the arrangements between the government and its key witnesses, the court found the appellants guilty. There is no basis for differing with the court's judgment of the credibility of testimony presented to it.

 The suggestion that the prosecution of the appellants was inherently unfair since other guilty parties escaped prosecution by cooperation is equally without merit. Assuming solely for the sake of argument that the government could be faulted by this court for making a testimonial bargain in a case such as this, we would find not the slightest reason to quibble with the agreements made here. The final result is that leaders of a large-scale auto theft ring have been convicted, either after guilty pleas or trial. The only party involved on this appeal who could claim to be a fringe party, Julio Fuentes, was fairly convicted for his role as a knowing re-

tailer of stolen vehicles. The relatively light sentence imposed on him reflects the court's proper evaluation of the culpability of his offense.

We have separately and severally considered the various errors asserted and find them individually and collectively to be without merit. The judgment of the trial court is

Affirmed.

---

13. *Compare* Williamson v. United States, 311 F.2d 441 (5th Cir. 1962).

14. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The terms of the agreement were that the informers would testify for the government in return for immunity from prosecution for past criminal activity. However, this immunity was conditional and could be removed if the informants committed perjury or if the

government learned that the witnesses had committed crimes other than those which they disclosed to investigators. The government also revealed that it had paid two of the informants a total of 1,450 dollars. However, these payments were made during the period of investigation, ostensibly to replace wages lost while assisting the government, and were not contingent on trial performance nor on conviction of the appellants.