**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Steven Paul NEWCOMB anod Wayne E. Lucas, Jr., Defendants-Appellants.**

**No. 73–1659.**

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1974.

Murray M. Silver, Atlanta, Ga., for defendants-appellants.

Robert W. Rust, U. S. Atty., Kerry J. Nahoom, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, DYER and GEE, Circuit Judges.

PER CURIAM:

Appellants Newcomb and Lucas were tried before a jury in the United States District Court for the Southern District of Florida and found guilty of conspiracy to possess with intent to distribute some 80 pounds of marijuana, in violation of 21 U.S.C. § 846. We have considered each of the seven points raised on appeal and conclude that, while two merit discussion herein, none requires reversal of their convictions.

Although each appellant took the stand and vigorously denied his participation in the conspiracy charged, both complain that the trial judge erred in refusing to give an entrapment instruction to the jury. Undiscouraged by the general rule in this circuit as stated in Canal Zone v. Risbrook, 454 F.2d 725 (5th Cir. 1972), and United States v. Groessel, 440 F.2d 602 (5th Cir. 1971), that the defense of entrapment is unavailable to one who denies commission of the acts constituting the offense charged, they argue that they fall within the qualification to it expressed in Henderson v. United States, 237 F.2d 169 (5th Cir. 1956), and Sears v. United States, 343 F.2d 139 (5th Cir. 1965). The rationale of these latter two cases was explained in McCarty v. United States, 379 F.2d 285, 286–287 (5th Cir. 1967), as follows:

> In both *Sears* and *Henderson* the defendant was indicted for conspiracy and raised the issue of entrapment with regard to a particular overt act. The court held in both cases that the defendant could deny being a party to a conspiracy and yet raise the issue that any overt acts done by him were done because of entrapment. The rationale of these cases was that inconsistencies in defenses in criminal cases are allowable so long as the proof of one does not necessarily disprove the other. *Henderson,* supra, 237 F. 2d at 173, *Sears,* supra, 343 F.2d at 143. In both cases proof that the defendant was not a member of a conspiracy would not have necessarily disproved that he was entrapped into committing a particular overt act. In the instant case, however, proof that McCarty did not commit the acts constituting the sole offense charged necessarily disproves that he was entrapped into doing the offense. We hold this to be too great a degree of inconsistency in defenses to be permitted.

To this construction of the *Henderson* doctrine we add that the court in *Sears*

emphasized that there the government's own case in chief injected substantial evidence of entrapment into the case and that, therefore, the defendant was entitled to have the charge adjusted to the evidence. See *Sears, supra,* 343 F.2d, at 143.

Here the government's case gave little or no cause for inference that either of these two defendants had been entrapped. Neither defendant's testimony accused the government agents of successfully inducing him to do anything. To the contrary, Newcomb emphatically testified that he consistently refused to secure any marijuana for the undercover agents and was "busted" while totally ignorant that any marijuana transaction was being conducted. Lucas' characterization of his own actions was, if possible, even more exculpatory: he denied that he was even aware that anyone was trying to purchase drugs. His story was that, after renting one car for himself and another for Mr. Newcomb and a friend, he met a girl in whose apartment on the same street as the "stash pad" he stayed for several days, thereby explaining the presence of his car in the vicinity of the crime. He denied that he was the person seen by agents coming and going from the house to which the marijuana was being brought.

The rule expressed in *Henderson* and *Sears* requires at the least that a defendant admit to some culpable act which he claims he was entrapped into committing. Here the only acts admitted by appellants were the purely innocuous ones of renting cars, being innocent bystanders in the vicinity of the crime, and (in the case of Newcomb) associating with undercover agents who were interested in purchasing marijuana. A collision of vacuums was thus presented; there was, and could be, no rational claim the government *induced,* and thereby *entrapped,* Newcomb or Lucas into performing such unincriminating acts. Appellants' real problem was that the jury chose to believe the government's evidence that they directly participated in the conspiracy.

 The only other point on appeal that merits any discussion is defense counsel's contention that his motion to inspect the grand jury minutes should have been granted to enable him to determine whether the indictment was founded upon hearsay or other "incompetent" evidence. In the first place, the Supreme Court has decided, in Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), that an indictment based exclusively on hearsay evidence is not constitutionally invalid and that a defendant is not entitled to litigate the sufficiency of the evidence presented to the grand jury. See United States v. Klaes, 453 F.2d 1375 (5th Cir. 1972); United States v. Gower, 447 F. 2d 187 (5th Cir. 1971). Secondly, as we stated in United States v. Cruz, 478 F.2d 408 (5th Cir. 1973), the "best evidence" rule advanced by some Second Circuit judges[1] serves simply as a supervisory guideline to be employed by courts in determining whether or not the independence and integrity of the grand jury have been impaired. Here there is no indication that the court below abused its discretion in not ordering the grand jury minutes produced for defendants. The trial judge, like this court, was given no reason to suspect that the indictment was ill-founded. Quite to the contrary, it was not even necessary for the grand jurors to rely on hearsay. The government agent in charge of the case testified before the grand jury. There,

---

1. This rule would discredit an indictment based on hearsay where (1) nonhearsay evidence is readily available; (2) the grand jury is misled into believing it was hearing direct testimony rather than hearsay; and (3) there is a high probability that had the grand jury heard the eyewitnesses it would not have indicted. *See* United States v. Leibowitz, 420 F.2d 39 (2d Cir. 1969); United States v. Malofsky, 388 F.2d 288 (2d Cir. 1968) (dicta); United States v. Umans, 368 F.2d 725 (2d Cir. 1966) (dicta). See also dissenting opinions in United States v. Beltram, 388 F.2d 449, 451 (2d Cir. 1968); United States v. Payton, 363 F.2d 996, 999 (2d Cir. 1966).

as at trial, presumably he was able to testify from first-hand information.

Were we to hold that grand jury minutes must be turned over so that defense counsel could satisfy his mere suspicion that the indictment was based on insufficient evidence, grand jury proceedings would effectively be open at the whim of the defense. This we are not disposed to do.

Affirmed.