**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Gerald O'LEARY, Defendant-Appellant.**

**No. 75–3614
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

April 8, 1976.

Philip G. Butler, Jr., West Palm Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Don R. Boswell, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Gerald O'Leary appeals his conviction of conspiracy to import marijuana, cocaine, and hashish oil in violation of 21 U.S.C. § 952(a). O'Leary took the stand at his trial and emphatically denied participation in any conspiracy. He admitted that he met twice with an agent of the Drug Enforcement Administration who was posing as an out-of-state hoodlum. These meetings were two of the overt acts in furtherance of the conspiracy enumerated in the indictment. However, O'Leary's version of the ensuing conversations was completely different from that of the agent's, and he

---

\* Rule 18, 5th Cir.; *Isbell Enterprises, Inc. v. Citizens Cas. Co.,* 5 Cir., 1970, 431 F.2d 409, Part I.

denied that he ever agreed to assist in the importation of drugs. O'Leary also admitted that he furnished a co-defendant (who plead guilty) with the name of another alleged co-conspirator in response to a request for a contact who could provide marijuana.

 O'Leary's sole argument on appeal is that the district court improperly refused to charge the jury on entrapment. Normally, when a defendant denies on the stand the very acts upon which the prosecution is predicated, the defense of entrapment is not available because the defense, which assumes that the act charged was committed, is inconsistent with the denial. *E. g., Government of the Canal Zone v. Risbrook*, 454 F.2d 725 (5th Cir. 1972). *United States v. Newcomb*, 488 F.2d 190 (5th Cir.), *cert. denied*, 417 U.S. 931, 94 S.Ct. 2642, 41 L.Ed.2d 234 (1974), recognized that a defendant indicted for conspiracy can deny being a party to the conspiracy and still claim that any overt acts done by him were the result of entrapment. However, the court stated that this exception to the general rule requires that the defendant admit to a *culpable* act, and the court sustained the refusal to give an entrapment instruction when the only acts admitted by the defendants were purely innocent. *Id.* at 192. Although O'Leary admitted two of the overt acts charged in the indictment, these acts were not in themselves culpable. *Compare Henderson v. United States*, 237 F.2d 169 (5th Cir. 1956). His response to the co-defendant, while perhaps culpable, was not in issue at his trial because it was not mentioned in the indictment and occurred before the inception of the conspiracy with which he was charged.

Under the circumstances, O'Leary's attempted entrapment defense was inconsistent with his denial of participation in the conspiracy. And since the government's case in chief did not inject substantial evidence of entrapment into the case, *Sears v. United States*, 343 F.2d 139 (5th Cir. 1965), does not entitle him to change his position by motion for acquittal. The district court did not err in refusing to deliver the requested instruction.

AFFIRMED.