UNITED STATES of America,
Plaintiff-Appellee,

v.

Reynaldo VILLARREAL, a/k/a Pancho
and Joe Arriaga,
Defendants-Appellants.

No. 76–2623
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 9, 1977.

Rehearing and Rehearing En Banc Denied
March 17, 1977.

J. G. Hornberger, J. G. Hornberger, Jr., Laredo, Tex., for Reynaldo Villarreal.

Lazaro Garza-Gongora, Jr., Laredo, Tex., for Joe Arriaga.

John E. Clark, U. S. Atty., LeRoy Morgan Jahn, W. Ray Jahn, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Reynaldo Villarreal and Joe Arriaga appeal their convictions for conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Villarreal and Arriaga, together with co-indictees Ronald Trevino and Hector Acuna, were accused of conspiring to sell heroin to an undercover Drug Enforcement Administration Agent, Officer Russell Reina. Trevino pleaded guilty, and Acuna died before trial.

Appellants Villarreal and Arriaga, convicted in a joint jury trial, urge identical points of error: (1) the government failed to establish the existence of a conspiracy with evidence other than hearsay statements of alleged co-conspirators; (2) the government failed to establish appellants' knowing participation in the alleged conspiracy; (3) the government failed to prove the commission of any overt acts in furtherance of the conspiracy; and (4) the court improperly refused to strike from the indictment several allegations of overt acts and to exclude trial testimony relating to those acts.

▮ In determining whether the government adequately proved the existence of a conspiracy and appellants' participation, we view the evidence in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and accept all reasonable inferences and credibility choices which support the jury verdict, *United States v. Prout,* 526 F.2d 380 (5 Cir. 1976); *United States v. Black,* 497 F.2d 1039 (5 Cir. 1974). In the instant case, undercover agents Reina and Alonzo had occasion personally to hear and observe appellants and the other co-conspirators. The testimony of these agents about their first-hand observations of the conspirators, as well as evidence adduced from surveillance operations, was sufficient to make a prima facie showing of the existence of a conspiracy and the appellants' willing participation therein independent of any hearsay statements by co-conspirators. The evidence at trial also established numerous overt acts committed by the various conspirators in furtherance of their plan to distribute heroin to Officer Reina, including several telephone conversations and various meetings to discuss and arrange the sale. Because of their inability to obtain heroin, the conspirators were unable to consummate the planned transaction. Success, however, is not an essential element for a conspiracy conviction, *United States v. Jacobs,* 451 F.2d 530 (5 Cir. 1971), *cert. denied,* 405 U.S. 955, 92 S.Ct. 1170, 31 L.Ed.2d 231 (1972); and the government's proof of conspiracy and appellants' participation was clearly sufficient in the instant case.

▮ Appellants' final point of error challenges the trial court's failure to strike portions of the indictment and testimony at trial relating to the actions of co-conspirators Trevino and Acuna in meeting with officer Reina and selling heroin to him subsequent to the aborted transaction in which appellants had participated. Although the legal basis of appellants' attack is not clearly specified, they apparently object that these allegations and proofs related to a later, separate conspiracy in which they were not involved. Most likely, the subsequent successful distribution by Trevino and Acuna was simply the consummation of the conspirators' original agreement to sell heroin to Officer Reina. *See United States v. Perez,* 489 F.2d 51 (5 Cir. 1973), *cert. denied,* 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664 (1974), for distinctions between single and multiple conspiracies. However, even if the evidence established more than one conspiracy, the law is well settled that appellants' convictions may stand because they were proved guilty of participation in at least one of the conspiracies. *United States v. Wayman,* 510 F.2d 1020 (5 Cir.), *cert. denied,* 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975); *Robinson v. United States,* 333 F.2d 950 (5 Cir. 1964); *Jolley v. United States,* 232 F.2d 83 (5 Cir. 1960).

Finding all of appellants' claims of error without merit, we affirm their convictions.