UNITED STATES of America

v.

FERRETTI, Caesar, Appellant.

No. 80–1373.

United States Court of Appeals,
Third Circuit.

Argued Sept. 18, 1980.

Decided Dec. 29, 1980.

Sidney Ginsberg (argued), Philadelphia, Pa., for appellant.

Peter F. Vaira, Jr., U. S. Atty., Thomas J. McBride (argued), Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before ALDISERT, ROSENN and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge.

Defendant, Caesar Ferretti was convicted on two counts of distributing a controlled substance in violation of 21 U.S.C. § 841 (1976). Count 1 charged Ferretti with the unlawful distribution of .59 grams of Methamphetamine, a Schedule II, non-narcotic, controlled substance; Count 2 charged him with the unlawful distribution of 27.28

grams of the same substance. Ferretti asserts that a number of errors were committed by the district court, any or all of which require a new trial. One such error claimed is that he was unfairly denied the right to make the last argument to the jury as provided by Local Rule 13 of the Eastern District of Pennsylvania, a rule which he contends was in effect at the time of trial. We agree and thus reverse.

## I.

Sometime early in 1978, Michael Marazzo, who was then on special parole following his 1975 conviction of manufacturing and distributing quantities of Methamphetamine, was approached by William Kean, a Drug Enforcement Agent. Kean informed Marazzo that he knew Marazzo was still selling Methamphetamine. In return for promises that he would be protected and that he would be relocated, Marazzo agreed to assist Agent Kean.

In late April or early May, Kean enlisted Marazzo's aid in an investigation of Ferretti, with whom Marazzo had associated in the past. On May 4, 1978, Marazzo went to Ferretti's home and allegedly Ferretti gave him, as a free sample, .59 grams of Methamphetamine. Soon after this transaction occurred, Marazzo delivered the substance to Kean. Kean conducted a field test and at trial testified that a positive reaction for Methamphetamine resulted. It was this transaction that provided the basis for the Count 1 indictment.

Marazzo again met with Ferretti on May 11, 1978. At that time, Ferretti allegedly gave Marazzo 27.28 grams of Methamphetamine in return for Marazzo's promise to pay $650. Marazzo again delivered the substance to Kean, who again conducted a field test and testified at trial to observing a positive reaction for Methamphetamine.

At trial, the government presented three witnesses: Kean, Marazzo and Jack Fasanello, a chemist who worked for the Drug Enforcement Administration. Ferretti did not introduce any evidence. Rather, he sought to sum up last before the jury, invoking a Local Rule of the Eastern District of Pennsylvania.[1] The district court denied this request. Ferretti was convicted and thereafter sentenced to four years imprisonment on Count I and to a consecutive term of imprisonment of four years on Count II, to be followed by two years of special parole.

## II.

In March, 1979, the date of Ferretti's trial, the Local Rules of the United States District Court for the Eastern District of Pennsylvania appeared to permit the defendant to sum up last before a jury, when, but only when, the defendant had produced no evidence. In full, Local Rule 13 provided:

Rule 13 Opening and Closing Statements to Jury.

At the commencement of the trial, counsel for the government shall make his opening statement to the jury stating what he intends to prove. Immediately thereafter, counsel for the defense may, but need not, make his opening statement to the jury.

At the conclusion of the government's case, if counsel for the defense has not earlier opened to the jury, he may then make his opening statement. At the conclusion of all the evidence the order of summation shall be as follows:

(a) *If the defense has produced no evidence, the government shall make its closing argument to the jury, and the defense shall make the last argument to the jury;* (emphasis added)

(b) If the defense has produced any evidence, the government shall make its closing argument first, the defense shall follow, and the government shall have a reasonable opportunity for rebuttal confining its argument to answering the summation by the defense;

(c) When multiple defendants are being tried, the order shall be as above. In

1. Ferretti maintains that his entire trial strategy was predicated upon having the psychological impact of the last speech to the jury. Had he known that he would have no such rebuttal, Ferretti claims that he would have introduced his seven exhibits into evidence, he may have called witnesses, and he would have testified himself.

such cases where one or more of the defendants has produced no evidence, the order of summation shall be as the Judge may determine.

Relying on that rule, and in particular on section 13(a), Ferretti claims to have deliberately foregone the introduction of defense evidence. His argument is stated succinctly in his brief on appeal as follows:

> The entire defense strategy was predicated upon defense counsel having the last speech to the jury. Pursuant to this strategy none of the seven exhibits marked for identification by the Appellant (276a) were offered in evidence. Moreover, no witness was called on behalf of the Appellant to testify including the Appellant himself who would have testified had it been known that the trial judge was going to allow the prosecution a rebuttal speech to the jury.

> Appellant, in support of his position that he, if no evidence were offered by him or on his behalf, would be entitled to the last speech relied on the official rules of the United States District Court for the Eastern District of Pennsylvania as amended to April 30, 1978.... At the conclusion of the Government's case, the Appellant rested (191a).

The district court however, held that the rule on which Ferretti had relied was no longer in effect. The record reads:

THE COURT: May I see counsel at side bar. (At side bar:)

THE COURT: Mr. McBride's [Assistant United States Attorney] closing argument will be followed by yours and then, in turn, he has a rebuttal.

MR. GINSBERG: [Ferretti's attorney] Well, may I respectfully object because Rule 13(b) (sic)—

THE COURT: Well, this is Rule 29.1.

MR. GINSBERG: May I show you—

THE COURT: I know.

MR. GINSBERG: —Rule 13(b)(sic)?

THE COURT: I have looked into this, so that this is the procedure here.

MR. GINSBERG: Rule 13(b)(sic) of the local court says—

THE COURT: That local rule has been repealed.

MR. GINSBERG: I have the latest edition of it, Your Honor.

THE COURT: Well, you are wrong, so that is the way we will proceed so there is no confusion.

MR. GINSBERG: I respect the Court's ruling but I must respectfully object because my reason for not presenting any evidence was predicated—

THE COURT: Have you read United States v. F. G. Smith, 410 F.Supp. 1256 at 1261?

MR. GINSBERG: No sir; I haven't, Your Honor.

THE COURT: Well, that is the authority. All right; proceed.

(End at side bar.)

THE COURT: Mr. McBride, your closing argument, sir.

MR. McBRIDE: Yes sir.

(N.T. at 286–87)

*United States v. Smith*, 410 F.Supp. 1256 (E.D.Pa.1976), the case on which the district court judge relied does indeed state that Rule 13 had been repealed by the Board of Judges for the Eastern District of Pennsylvania on September 16, 1975. The repeal, if such it was, evidently was prompted by an amendment to Rule 29.1 of the Federal Rules of Criminal Procedure. That amendment became effective December 1, 1975[2] and since that date Rule 29.1 has provided that the government shall open the argument, the defense shall be permitted to reply, and that the government shall then be permitted to reply in rebuttal. Other than the statement which appears in *Smith*, this record does not reveal any other evidence of the September 16, 1975 "repeal" of Local Rule 13(a).

---

**2.** The opinion in *Smith* discloses that the district court judge recognized that no rule governing the order of summation was in effect for the period between September 16, 1975—the date on which Local Rule 13 was purportedly repealed—and December 1, 1975, the date on which Federal Rule of Criminal Procedure 29.1 became effective. Accordingly, the district court in *Smith* applied the provisions of Rule 29.1, but in so doing, it also gave Smith the opportunity to present evidence.

If this sequence of events constituted the entire history of Local Rule 13, Ferretti would have had a much more difficult task in sustaining his position because *Smith* would appear to have given notice to the bar of this change in the order of final arguments. But Ferretti calls our attention to two circumstances which cloud this issue.

First, Ferretti points out that the version of the Local Rules which included Rule 13 as of the date of his trial, specified that these rules had been amended to April 30, 1978, a date some two years *after* the *Smith* opinion was filed and a date almost three years *after* Rule 13 had purportedly been repealed.[3]

The second circumstance to which Ferretti calls our attention is a notice which was published on the first page of the Legal Intelligencer[4] on the date of May 30, 1979, some two months after Ferretti's trial had concluded. That notice published an order of the district court of May 25, 1979 which repealed Local Rule 13. The notice, which is reproduced here as it appeared in the Legal Intelligencer, reads as follows:

Notice to the Bar

In the United States District

Court for the Eastern District

of Pennsylvania

In Re: LOCAL CRIMINAL

RULE 13

ORDER

AND NOW, this 25th day of May, 1979, it appearing that Local Criminal Rule 13 has been superseded by Rule 29.1 of the Federal Rules of Criminal Procedure, it is ORDERED that Local Criminal Rule 13 be and it hereby is REPEALED.

FOR THE COURT:

JOSEPH S. LORD, III, Ch.J.

Editor's Note: This rule applies to Opening and Closing Statements to the Jury.

Thus, at the time that Ferretti was denied the right to make "the last argument to the jury," it appears that Rule 13, despite the statement in *United States v. Smith, supra*, had not been repealed, but was in full force and effect.

The government, making no mention of the district court's order of May 25, 1979, or the notice which appeared in the May 30, 1979 Legal Intelligencer, argues that Ferretti's contentions are completely answered by Rule 29.1[5] of the Federal Rules of Criminal Procedure and *United States v. Smith, supra*. We cannot agree.

■ We are not persuaded by the government's assertion that Rule 29.1 by its own force superseded Local Rule 13(a). Rule 29.1 only provides the norm for the general situation. It does not deal with the specific circumstance of a defendant who presents no evidence. Thus we do not read the provisions of Rule 13(a) as being inconsistent or incompatible with Rule 29.1. Although we are not required to decide the issue in light of the district court's order of May 25, 1979 which repealed Rule 13, it appears to us that the two rules,—Federal

3. In arguing that Rule 13 was still in effect at the time of his trial, or at least that no notice of its repeal had ever been publicized, Ferretti observes that Local Rule 12, "Selection of the Jury . . . ." had been repealed on December 4, 1975. Notice of this repeal appeared in the rules published "[a]s amended to April 30, 1978." Ferretti notes however, that Local Rule 13 which ostensibly had been repealed on September 16, 1975, almost three months *prior* to the repeal of Local Rule 12, nevertheless appeared on the same page of the Local Rules which carried the notice of Local Rule 12's repeal. There is no indication in the amended rules that Local Rule 13 had been repealed, amended, or modified. To all appearances, Local Rule 13 was still in effect as of April 30, 1978, despite the statement which appears in *United States v. Smith*.

4. The Legal Intelligencer is a law journal published in Philadelphia, Pennsylvania, which contains among other things, legal and court announcements.

5. Fed.R.Crim.P. 29.1 provides:
    After the closing of evidence the prosecution shall open the argument. The defense shall be permitted to reply. The prosecution shall then be permitted to reply in rebuttal.

Rule 29.1 and Local Rule 13(a)—could co-exist.

Although the government in its brief also appears to rely on *United States v. Smith, supra,* such reliance is misplaced. It is true that one of the arguments in *Smith* is similar to the argument advanced here by Ferretti. However, as we have discussed, Local Rule 13(a) was not effectively repealed on September 16, 1975, and the manner in which the court in *Smith* resolved the defendant's contention there is far different from the resolution of Ferretti's claim here.

In *Smith,* the court held that Fed.R. Crim.P. 29.1 controlled, because, as we have previously discussed, the district court found that Local Rule 13(a) had been repealed September 16, 1975, approximately one and one-half months before the closing arguments were scheduled. After so ruling however, the court afforded the defendant in *Smith,* an opportunity to take the stand and present additional evidence. Counsel to *Smith* in that case conceded that in presenting his defense he was neither trapped nor hindered by the court's ruling. 410 F.Supp. at 1261. Thus in *Smith,* the defendant not only had adequate notice of the 1975 "repeal" of Local Rule 13(a), but he was also not prejudiced by having to forego the introduction of evidence.

■ Ferretti, on the other hand, claims substantial prejudice resulted from the district court's ruling in his case. He states that in reliance on the Local Rule he had foregone the opportunity to present evidence, to take the stand, or to introduce numerous exhibits which he had marked for identification during the course of the trial. He also claims prejudice because of the content of the remarks made to the jury by the government in the rebuttal speech which the prosecution was allowed. We express no view as to the prejudice which Ferretti may have suffered by reason of the government's rebuttal, because we are satisfied that the district court's ruling that Ferretti could not invoke Local Rule 13(a) substantially prejudiced Ferretti. As the status of the rule then appeared, Ferretti should have been permitted the last argument before the jury, or as in *Smith,* he should have been permitted to introduce the evidence he claims he had withheld in order to come within the rule's operation.

■ Since it reasonably appeared to counsel, as it appears to us, that Local Rule 13(a) was still in effect at the time of Ferretti's trial, it was just as incumbent on the district court, as it is for any other agency that promulgates rules and procedures, to abide by the rules which it requires the bar and the public to observe. Courts and agencies have discretion in adopting rules of procedure, but once promulgated, these rules cannot be ignored unless and until they are effectively repealed. *See, e. g. Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); *Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1959); *National Labor Relations Board v. Campbell Prods. Dept.,* 623 F.2d 876, 880–81 (3d Cir. 1980); *National Labor Relations Board v. Pincus Bros., Inc.—Maxwell,* 620 F.2d 367, 378–79 (3d Cir. 1980) (Garth J. concurring).

Although discussed in an agency context, the concept whereby an agency must abide by its self-imposed rules does not differ in principle from the requirement imposed on a court which enacts its own rules of procedure. In *N.L.R.B. v. Horn & Hardart Co.,* 439 F.2d 674, 679 (2d Cir. 1974) Judge Feinberg, writing for the Second Circuit stated:

> We do not suggest that the [National Labor Relations] Board can announce a policy . . . . and then blithely ignore it, thereby leading astray litigants who depended upon it.

By the same token, once a court announces a policy or rule of procedure, until such rule is effectively repealed, the court cannot ignore its own rule or procedure, else litigants who have relied upon it may be led astray.

In the situation as it developed at Ferretti's trial, where the date and notice of Local Rule 13's repeal were at best ambiguous, the district court was bound either to permit Ferretti to argue last or alternatively to introduce evidence as permitted in *United States v. Smith, supra.* We are satisfied

that the district court erred by failing to permit either course of action. That error, because of its prejudicial character, requires that Ferretti be granted a new trial.

## III.

On appeal before us Ferretti has raised four additional issues.[6] Essentially these claims arise from two evidentiary rulings made at trial. A government chemist, Maria Barba, who had first tested the Methamphetamine which Ferretti was charged with having distributed filed two reports of her findings. She did not appear at trial because of her subsequent transfer to Germany. A second chemist, Jack Fasanello, reanalyzed the samples of Methamphetamine a few days before trial. At trial an issue involving proof of the chain of custody of the samples developed, because of Barba's absence, and because of a difference between the weight recorded by Barba, and that recorded by Fasanello. At trial the court denied Ferretti's objections to Fasanello's testimony and later denied Ferretti's motion for a new trial based upon the discrepancy in weight of the Methamphetamine.

The second alleged evidentiary error occurred during the redirect examination of the government's witness Marazzo. During his cross-examination of Marazzo, Ferretti's counsel asked Marazzo whether he had ever had drug dealings with Ferretti. Marazzo replied that he had not (N.T. at 212. *See also* N.T. at 191). On re-direct examination the government asked Marazzo, "What made you think that you could get Methamphetamine from Mr. Ferretti?" Marazzo responded "Well, I knew that he had dealt with other people." The district court after overruling Ferretti's objection to this exchange, denied his motion to strike, and denied his motion for a mistrial. The court then permitted the government to ask Marazzo once again why he thought he could obtain Methamphetamine from Ferretti, to which Marazzo responded "Because I knew at the time he had other dealings with other people." (N.T. at 224–24). Ferretti claims that the district court judge improperly admitted this testimony because it was evidence of "other crimes" and violated Federal Rule of Evidence 404(b) which proscribes admission of such evidence when it is introduced to show that the defendant "acted in conformity therewith."

A careful reading of the record in light of the instruction in *United States v. Long*, 574 F.2d 761 (3d Cir. 1978) persuades us that we would be hard-pressed to sustain the validity of this latter ruling. We are also seriously troubled by the manner in which the government authenticated the samples of Methamphetamine which served as the basis for the reports and testimony of chemist Fasanello. Recognizing, however, that a new trial must be granted Ferretti because of the prejudice which he sustained by the court's ruling as to Local Rule 13(a) we need not reach nor decide these issues. At a new trial Barba may be called as a witness, thus disposing of any claim that proof of the chain of custody was improper, and the examination of Marazzo that is challenged here, may not recur.

## IV.

Having concluded that Ferretti suffered substantial prejudice when the district court held that he could not invoke the provisions of Local Rule 13(a) and then, in the alternative, did not permit the introduction of defense evidence, we will vacate the conviction and sentence entered by the district court and remand for a new trial.

---

**6.** Ferretti claims that the admission into evidence of chemist Maria Barba's laboratory reports violated his sixth amendment right of confrontation; that the admission into evidence of chemist Jack Fasanello's reports was reversible error because the government had failed to establish the requisite chain of custody; that the trial judge erred in denying him a new trial on the ground of newly discovered evidence which would have helped explain the weight discrepancies between the Methamphetamine analyzed by Barba and that analyzed by Fasanello; and that the district court improperly admitted into evidence testimony concerning his past criminality.