**Jan Elaine SCHMIDT**

v.

**Richard SILVER et al.**

**Civ. A. No. 77–2210.**

United States District Court,
E. D. Pennsylvania.

Jan. 28, 1981.

Frank J. Eisenhart, Jr., Philadelphia, Pa., for plaintiff.

Phillip B. Silverman, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

GILES, District Judge.

Plaintiff filed a motion for a new trial on July 14, 1980, but elected not to order a trial transcript. By letter to the court dated July 31, 1980, plaintiff's counsel stated that his client could not afford the transcript and asked for consideration of the motion without a transcript.[1] I shall deny that request and dismiss the motion for failure to prosecute.

Under former E.D.Pa.R.Civ.Pro. 34, which was in effect until August 1, 1980, dismissal under these circumstances was mandatory. *See Belfiore v. Leanora Corp.*, No. 77–3463, slip op. at 1 (E.D.Pa. Sept. 9, 1980) (refusing to dismiss motion for new trial). The rule required that a movant for a new trial, within ten days of the motion, either order the transcript or file a verified motion showing good cause for not ordering the transcript; otherwise the motion would be dismissed for failure to prosecute.[2]

The requirement of a verified motion in lieu of a transcript has two purposes. First, it places on the record movant's reasons why good cause exists so that the non-movant can contradict them and otherwise avoid prejudice that might result from off-record discussions.[3] Second, it insures that the court and non-movant are not deprived of a transcript on mere averments by someone without personal knowledge of the

---

**1.** The relevant portion of that letter states: "My client's funds were exhausted by her six-day stay in Philadelphia for the trial, and she cannot afford to purchase the notes of testimony. I therefore ask that Your Honor consider the motion on the basis of the papers now filed of record."

**2.** The relevant part of Rule 34 said:
Unless, within ten days of filing a post-trial motion, (a) the transcript is ordered by a writing delivered to the official court reporter, or (b) good cause for failure to order such transcript is shown in a motion supported by

an affidavit, a copy of which is delivered to the chambers of the trial judge, the post-trial motion *will* be dismissed for lack of prosecution.
(Emphasis added).

**3.** For instance, movant might elect to press only those portions of his motion not requiring a transcript, such as an allegedly improper jury instruction. The non-movant could be seriously prejudiced unless it could rely on movant's recorded statement withdrawing portions of the motion.

statements averred. *Cf.* Fed.R.Civ.Pro. 56(e) (when movant for summary judgment supports motion with affidavits from those with personal knowledge containing facts admissible in evidence, "adverse party may not rest upon the mere allegations ... of his pleading").

On August 1, 1980, former Rule 34 was replaced by current Rule 20(e).[4] The new rule differs in only one relevant significant respect—dismissal is no longer mandatory.[5] *See Belfiore,* slip op. at 1. The new rule does not excuse counsel from either ordering a transcript or showing good cause why the motion should be granted without a transcript. Counsel is on notice that if neither requirement is met, the court may, as under the old rule, dismiss the motion without further explanation. On the other hand, the court, in its discretion, may reach a different disposition. For instance, it may decide that a transcript is irrelevant to the disposition of the motion, *e. g.,* a motion to amend judgment. If the non-movant would not be prejudiced, the court may, as Judge VanArtsdalen did in *Belfiore,* slip op. at 1–2, allow movant additional time to comply with Rule 20(e).

Arguably, the former rule applies because it was in effect throughout the time that plaintiff was required to order a transcript or file a verified motion, as Judge VanArtsdalen observed in *Belfiore,* slip op. at 1, and therefore required dismissal on July 24th, when plaintiff failed to comply with its terms. *Cf. United States v. Ferretti,* 635 F.2d 1089, 1094 (3d Cir. 1980) (court cannot ignore local rule). On the other hand, the current rule arguably controls simply because I must decide *now* and the old rule is long-since revoked. *Cf. Belfiore,* slip op. at 2 (refusing to dismiss, given change in rule).

It need not be decided, however, which rule applies because the court would reach the same result in either event. If former Rule 34 controls, dismissal is mandatory. If current Rule 20(e) controls, the court would dismiss, nevertheless. Plaintiff has complied with neither requirement of the rule. A transcript has not been ordered. Indeed, counsel says that one cannot be. However, by not filing a verified motion, plaintiff has failed to meet her burden of showing that she cannot afford a transcript. Even if plaintiff could make this showing, the court would not grant her motion without a transcript because of possible prejudice to the opposing party. So, the disposition in *Belfiore* is inappropriate here.

Plaintiff's motion seeks a new trial based on four allegedly erroneous restrictions on evidence during the trial and four alleged errors in the jury charge. Two of the latter exceptions reference the evidence. Given exceptions which reference the evidence, a transcript of all the testimony and the entire charge is necessary to decide if there was error and whether any error justifies a new trial. *Cf. Thomas v. Computax Corp.,* 631 F.2d 139, 141–43 (9th Cir. 1980) (appellant attacking district court's findings on appeal must include in record all evidence which might be relevant; inability to pay for transcript is no excuse where appellant has not been given leave to appeal *in forma pauperis*). To grant a new trial based on an incomplete record and memory would result in extreme prejudice to defendant.

4. By order dated July 23, 1980, all prior local rules were revoked, effective August 1, 1980. *See* Local Rules binder, Order (preceding table of contents). The new rules became effective simultaneously with revocation of the old rules. E.D.Pa.R.Civ.Pro. 1.

5. In full, E.D.Pa.R.Civ.Pro. 20(e) says:
Within ten (10) days after filing any post-trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the official court reporter, or (b) file a verified motion showing good cause to be excused from this requirement. Unless a transcript is thus ordered, or the movant excused from obtaining a transcript, the post-trial motion *may* be dismissed for lack of prosecution.
(Emphasis added).