**UNITED STATES of America**

v.

**Caesar FERRETTI.**

**Crim. No. 79–42.**

United States District Court,
E. D. Pennsylvania.

Feb. 25, 1981.

---

Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Sidney Ginsberg, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

The defendant was convicted on two (2) counts of distributing a controlled substance in violation of 21 U.S.C. § 841. Thereafter, an appeal was filed in the United States Court of Appeals for the Third Circuit, 635 F.2d 1089, in which it was contended, *inter alia*, that reversible error was committed when this Court denied the defendant his right to make the last argument to the jury as prescribed in Local Rule 13 of the Eastern District of Pennsylvania. Although whether the local rule was in effect at the time of the trial was then in question, the Third Circuit held, with the benefit of some hindsight, that the defendant did indeed enjoy the right afforded in the local rule, that the right was violated per the Court's ruling at trial and that, as a result, reversible error was committed. The Third Circuit remanded the case for the conduct of a retrial. On January 28, 1981, a pretrial conference was held at which time a February 4, 1981 pre-trial motion filing deadline was set as well as a March 2, 1981 trial date. Presently before the Court are two (2) motions filed by the defendant on February 20, 1981 and February 23, 1981, respectively: 1. Motion For Recusal Of Trial Judge and 2. Motion To Dismiss The Indictment. For the reasons fully set forth below, both motions will be denied.

*Motion For Recusal Of Trial Judge.*

The defendant bases his motion for recusal on the provisions of F.R.Crim.P. 32(c)(1):

> The probation service of the court shall make a *presentence investigation and report* to the court before the imposition of sentence or the granting of probation un-

less, with the permission of the court, the defendant waives a presentence investigation and report, or the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record.

*The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or nolo contendere or has been found guilty, except that a judge may, with the written consent of the defendant, inspect a presentence report at any time.* (Emphasis added).

and the pronouncement in *Gregg v. United States*, 394 U.S. 489, 491–92, 89 S.Ct. 1134, 1136–37, 22 L.Ed.2d 442 (1969):

"Rule 32 is explicit. It asserts that the 'report shall not be submitted to the court... unless the defendant has pleaded guilty or has been found guilty.' .... Moreover, the rule must not be taken lightly.... To permit the ex parte introduction of this sort of material to the judge who will pronounce the defendant's guilt or innocence or who will preside over a jury trial would seriously contravene the rule's purpose of preventing possible prejudice from premature submission of the presentence report."

The defendant has not alleged any bias or prejudice but rather only that the bare language of the criminal rule and the pronouncement in *Gregg* compel recusal lest reversible error occur should the defendant be found guilty and sentenced after a retrial before this Court. *Citing United States v. Park*, 521 F.2d 1381 (9th Cir. 1975).

As noted earlier, the Court will decline the defendant's urgings. Both for reasons of interpretation and judicial economy, the Court believes it incumbent upon it to conduct this retrial. F.R.Crim.P. 32(c)(1) and the *Gregg* interpretation of it do not comprise some broad and all-encompassing preclusion as the defendant suggests. The clear language of the rule and the facts existent in *Gregg* require limitations to the blind reliance requested by the defendant.

A close interpretation of the language of F.R.Crim.P. 32(c)(1) and *Gregg* reveals that the rule prohibiting pretrial examination of presentence reports is peculiar to the conduct of first trials. *United States v. Park, supra* is not inapposite. In both the above-cited cases, the Court either allegedly or in fact reviewed the presentence reports prior to the first trial of the defendant. If such an allegation is established, F.R.Crim.P. 32(c)(1) has clearly been violated inasmuch as no plea of guilty or nolo contendere or finding of guilty preceded the review of the presentence reports. The inclusion of the language "unless the defendant has pleaded guilty or nolo contendere or has been found guilty," however, belies the fact that it is quite proper to conduct a trial of a criminal case subsequent to a legitimate review of a presentence report upon the occurrence of one of these conditions precedent. Case law exists in which a criminal trial has been conducted before a judge who has properly but perhaps prematurely reviewed a presentence report as a result of the entrance and subsequent withdrawal of a guilty plea. *See, e. g., United States v. Clark*, 605 F.2d 939 (5th Cir. 1979); *United States v. Lyon*, 588 F.2d 581 (8th Cir. 1978); *United States v. Montecalvo*, 545 F.2d 684 (9th Cir. 1976); *United States v. Bourque*, 541 F.2d 290 (1st Cir. 1976). So too does case law abound in which the same judge presides over a retrial after reversal and remand—the identical situation *sub judice*. *United States v. Partin*, 552 F.2d 621, 637 (5th Cir. 1977); *United States v. Hernandez-Vela*, 533 F.2d 211, 213–14 (5th Cir. 1976); *Smith v. United States*, 360 F.2d 590, 592 (5th Cir. 1976).

The essence of all of these cases—that F.R.Crim.P. 32(c)(1) does not preclude a trial judge from hearing a retrial after having reviewed a presentence report—no doubt emanates from a panoply of various principles. The Third Circuit recognized the application of the rule and these principles when it stated as follows:

Circumstances often may arise when the judge views a defendant's presentence report for legitimate purposes before trying him or presiding over his trial. It thus

becomes necessary to balance Rule 32's objective of preventing even the possibility of prejudice with the administrative convenience, simplicity of procedure and prevention of delay implicit in having a single judge preside over a defendant's court appearances.

*United States v. Small*, 472 F.2d 818, 821 (3d Cir. 1973).

■ The avoidance of prejudice or bias and even the appearance thereof, is no doubt the touchstone of F.R.Crim.P. 32(c)(1). In this respect, it is incumbent to recognize that "alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits or some basis other than what the judge learned from his participation in the case." *United States v. Grinnel Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). It is worthy of mention that in the present case no allegation of the existence of bias or prejudice, possible or otherwise or emanating from any source, has been made in any respect or context.

A factor bearing a strong relationship to the concept of the actual existence of bias and prejudice above discussed is the term "possibility of prejudice" mentioned in *Small*. Of course, if the possibility of prejudice is remote so too is its afforded consideration during the application of F.R.Crim.P. 32(c)(1). A number of case precedents have recognized the fact that the presence of a jury acting as a factfinder in the type of cases herein concerned reduces to a significant degree the "possibility of prejudice." *See, e. g., United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977); *O'Shea v. United States*, 491 F.2d 774, 779 (1st Cir. 1974). Again, it is worthy of mention that the instant case will be tried before a jury on retrial as it was in the original proceeding.

■ The other major factor or consideration mentioned in *Small* concerns, in essence, judicial economy.

Crowded trial court calendars have led commentators and courts to favor procedures by which one judge presides over a defendant's many appearances in court.

Many district courts are now on an individual trial calendar system under which a case is assigned to a judge when docketed and continues under his control until final disposition by that court. See, e. g., Rules of the United States District Court for the Eastern District of Pennsylvania, Rules of Criminal Procedure, Rule 2 (1972).

*United States v. Small, supra* at 882. Implicit as a factor for consideration is the degree of familiarity achieved by a particular trial judge. Of course, the degree of familiarity gained from hearing the entire case on a prior occasion is vast. As a consequence, the procedures may be greatly simplified and delays inconsequential if present at all. *See also United States v. Robin, supra*. Such a degree of familiarity gained by this Court over the present case will no doubt accrue to the benefit of the parties and the public. The speedy administration of justice is always a desired result. *Cf.* Speedy Trial Act, 18 U.S.C. § 3161 et seq. (Supp.1979).

■ In accordance with the clear language of the rule and the authoritative case precedents as well as complete conformance with the policies described, it is manifestly apparent that F.R.Crim.P. 32(c)(1) will not be violated as a consequence of this Court conducting a retrial of this case upon reversal and remand and after having reviewed a presentence report concerning the defendant. In the absence of a violation of F.R.Crim.P. 32(c)(1), the decision to grant or deny a recusal motion is one committed to the discretion of the trial judge. *See, e. g., United States v. Gallington*, 488 F.2d 637 (8th Cir. 1973). "[U]nless demonstrable prejudice is shown, the district court's judgment may only be set aside for an abuse of discretion." *United States v. Bourque, supra* at 296. As earlier noted, the defendant has not alleged the existence of bias or prejudice but has only relied on the bare *Gregg* dicta. In accompaniment with the effect of such an absence of pleading, the Court additionally makes reference to the total lack of any bias against the defendant and the utter impossibility of prejudice ac-

cruing to him. Accordingly, the defendant's Motion For Recusal Of Trial Judge will be denied. To hold otherwise, would require an untenable conclusion.

*Motion To Dismiss The Indictment.*

■ In addition to the recusal motion, the defendant has also moved to dismiss the indictment for the alleged reason that the testimony presented to the indicting grand jury was "pure hearsay." The defendant relies upon *United States v. Estepa,* 471 F.2d 1132 (2d Cir. 1972) to support his motion, a case which provides the following rule set forth below in a summary fashion:

> [A]n indictment based on hearsay is invalid where (1) non-hearsay evidence is readily available; (2) the grand jury is misled into believing it was hearing direct testimony rather than hearsay; and (3) there is high probability that had the grand jury heard the eye witness it would not have indicted.

*United States v. Cruz,* 478 F.2d 408, 410 (5th Cir.), *cert. denied,* 414 U.S. 910, 94 S.Ct. 259, 38 L.Ed.2d 148 (1973). The defendant apparently relies upon *Estepa* for its first of the three propositions—an indictment based on hearsay is invalid when non-hearsay evidence is readily available. The defendant contends:

> Based on the testimony of Agent Kean in the last trial it is apparent that his testimony before the Grand Jury was pure hearsay. No reason was ever offered by the government why the testimony of witness Marrazzo, the government's alleged informer, was not utilized before the Grand Jury although he has been continuously available for testimonial use by the government in this as well as in other cases.
>
> In view of the foregoing, the defendant respectfully submits that the indictment against him should be dismissed.

See Docket Entry No. 44, p. 3.

Initially, the Court notes that the *Estepa* guidelines are of doubtful validity. *See United States v. Calandra,* 414 U.S. 338, 344–45, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974); *United States v. Marchand,* 564

F.2d 983, 1001 n. 29 (2d Cir. 1977). Notwithstanding the inapplicability of *Estepa,* however, the defendant's contentions would not warrant a dismissal of the indictment. Assuming arguendo that the defendant's contention that non-hearsay evidence was readily available is plausible, essential pleading elements are absent. The defendant has failed to allege that the grand jury was misled or that there is a high probability that if non-hearsay testimony had been utilized the defendant would not have been indicted. Accepting defendant's contention that nonhearsay testimony was available in this case, without more, does not warrant dismissal of the indictment. *See United States v. Wander,* 601 F.2d 1251, 1260 (3d Cir. 1979). There is absolutely no suggestion that the testimony presented to the grand jury was of the "shoddy" nature condemned in *Estepa. See, e. g., United States v. Pray,* 452 F.Supp. 788, 801–02 (M.D.Pa. 1978). According, the defendant's Motion To Dismiss The Indictment will also be denied.