UNITED STATES of America, Plaintiff,

v.

Curtis Frank BROOKS, Defendant.

Crim. A. No. 3:93–CR–059–G.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 20, 1993.

Stewart Robinson, Asst. U.S. Atty., N.D. Texas, Dallas, TX, for plaintiff.

John Carroll, Asst. Public Defender, Dallas, TX, for defendant.

### MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion of the defendant Curtis Frank Brooks ("Brooks") to recuse the probation officer assigned to make a presentence investigation in his case. For the reasons stated below, the motion is denied.

### I. BACKGROUND

On February 24, 1993, Brooks was indicted for alleged violations of 18 U.S.C. §§ 2113(a), (d), and (e), 924(c), 922(g), and 924(e). On March 23, 1993, Brooks entered a plea of guilty to all three counts of the indictment. United States Probation Officer Sharon Valenti ("Valenti") was assigned by the Chief Probation Officer to conduct an investigation of Brooks and to prepare a report pursuant to 18 U.S.C. § 3552(a) and Fed.R.Crim.P. 32(c).

Brooks filed this motion on June 28 to recuse Valenti, claiming that she had improperly disclosed to third parties confidential information acquired during the course of the presentence investigation, in violation of Rule 32(c), Fed.R.Crim.P. Specifically, Brooks alleges that Valenti told Carolyn Brooks, Brooks's wife, that Brooks committed several rapes, attempted rapes, and other sexual acts, including sodomy and tying up women with pantyhose. Brooks contends that Valenti caused Carolyn Brooks grief and pain

and should be removed as the presentence officer on this case.

Brooks also contends that Rule 32(c), Fed. R.Crim.P., has been interpreted to prohibit the disclosure of information contained in the presentence report to anyone except the court, the government, or defense counsel. He maintains that Valenti's actions demonstrate that she is not an unbiased figure in the sentencing proceedings now before the court and that a new probation officer should therefore be appointed to eliminate any possible prejudice to Brooks.

## II. ANALYSIS

Before sentencing an individual found guilty of a criminal offense, the court is required by statute to consider certain factors. Those factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; and

(2) the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553.

To aid the court in carrying out the obligation imposed on it by 18 U.S.C. § 3553, Fed.R.Crim.P. 32(c) requires that:

(1) A probation officer shall make an investigation and report to the court before the imposition of the sentence. . . .

\* \* \* \* \* \*

(2) The report of the presentence investigation shall contain—

(A) information about the history and characteristics of the defendant, including prior criminal record, if any, financial condition, and any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in the correctional treatment of the defendant. . . .

The probation officer assigned to make a presentence investigation is thus authorized and directed to conduct a thorough inquiry into the history and characteristics of the defendant and into the circumstances surrounding and affecting the defendant's criminal behavior.

▪ Brooks does not contend in his motion that Valenti disclosed the presentence report itself to anyone other than the parties and the court. Nor does Brooks contend that the information contained in the presentence report is not correctly presented. His sole complaint is that Valenti disclosed information which Brooks presumes to be confidential. The government maintains, and this court agrees, that there is no legal basis for this complaint. The subject of Valenti's discussion with Carolyn Brooks was public information and could not therefore have been, in the words of Rule 32(c)(3)(A), from "sources ... obtained upon a promise of confidentiality." Although the information may have been upsetting to Carolyn Brooks, the court is not persuaded that Valenti acted improperly.[1]

---

1. Citing *United States v. Figurski*, 545 F.2d 389, 391 (4th Cir.1976) and *United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1175–76 (2d Cir. 1983), Brooks contends that information contained in the presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice.

The cited cases are not directly applicable to the instant situation. Here, Valenti was conducting an investigation in her preparation of Brooks' presentence report. Carolyn Brooks came to speak to Valenti to present the "good side" of Brooks and let her know about Brooks's achievements. Valenti's revelation to Carolyn Brooks of certain facts about her husband was a reasonable inquiry into the basis of Carolyn Brooks's knowledge about Brooks's behavior and character. Accordingly, even if the standard urged by Brooks were applied, the court finds that Valenti's actions were appropriate to serve the ends of justice in preparing an accurate presentence report.

**31**

Brooks requests that the court order the preparation of a new presentence report. Significantly, however, he does not contend that any information in Valenti's report is inaccurate. Quoting *United States v. Ferretti*, 508 F.Supp. 913 (E.D.Pa.1981), Brooks claims that a new report is necessary because " '[t]he avoidance of prejudice or bias and even the appearance thereof' has been recognized to be 'the touchstone of' Federal Rule of Criminal Procedure Rule 32(c)." *Id.* at 916. However, there is absolutely no support for the proposition that Valenti was biased or prejudiced against Brooks when she was assigned to this case.[2] In essence, Brooks claims that because Valenti has discovered some unfavorable information about him in the course of her investigation, she is thereby disqualified from making a report to the court. If relief were warranted on this ground, it would have to be granted in every case ere sinners become saints or rogues role-models.

### III. CONCLUSION

The motion of Brooks to recuse Valenti as the presentence officer in this case is **DE-NIED.**

**SO ORDERED.**

---

**2.** Brooks has not argued the appropriate standard to use in deciding when recusal of a probation officer is required. In the absence of such argument, the court will assume, without deciding, that the impartiality demanded of a probation officer is no greater than that required for the court. *See,* e.g., 28 U.S.C. § 455(b)(1) (judge shall disqualify himself where he has a personal bias or prejudice concerning a party). It is settled that the bias or prejudice that would disqualify a judge must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *United States v. Grinnell Corporation,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *In re Corrugated Container Antitrust Litigation,* 614 F.2d 958, 964 (5th Cir.), *cert. denied,* 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980). There is no showing here that Valenti's opinions about Brooks are based on anything other than the results of her investigation.